FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 24 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
ALAN GOTTLIEB,

                        Plaintiff,

      -against-

ASSOCIATED CREDIT SERVICES, INC.

                       Defendant.
--------------------------------------------------------------X

Case No.

**CV 11-2494**
**COMPLAINT**

**IRIZARRY, J.**

**POLLAK M.J**

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction and damages against defendant's deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a foreign business corporation incorporated in Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at a time better known to defendant, defendant began to collect a consumer debt allegedly owed by plaintiff to TD Bank which it was alleged was in default.

7. That plaintiff received certain debt collection communication from defendant in or around the year 2010 into the beginning of 2011.

8. That plaintiff conferred with his attorneys at Fagenson & Puglisi. By letter dated February 10, 2011 Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to defendant informing defendant that Fagenson & Puglisi represents plaintiff, plaintiff disputes the debt defendant was attempting to collect and that defendant should not contact plaintiff directly regarding the debt.

9. That notwithstanding plaintiff's attorney's said letter to defendant, defendant nonetheless sent yet another collection letter, dated April 14, 2011 directly to plaintiff at his home in an attempt to collect the same debt.

10. That defendant's said letter to plaintiff constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

## AS AND FOR A SECOND CAUSE OF ACTION

11. That plaintiff re-alleges paragraphs 1 to 10 as if fully re-stated herein.

12. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

13. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one referenced herein, despite knowledge that the consumer is represented by an attorney.

14. That defendant improperly contacted plaintiff with full knowledge that he is represented by counsel and in so doing violated NYGBL §349.

15. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
May 17, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com